UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| THOMAS WAYNE WALLER | CIVIL ACTION NO. 22-cv-1421 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| SOCIAL SECURITY ADMINISTRATION, ET AL | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

Thomas Waller ("Plaintiff"), who is self-represented, filed this action against the Commissioner of Social Security. He complains that the Commissioner made an incorrect finding that Plaintiff received an overpayment of Supplemental Security Income ("SSI") during several months that he was incarcerated and thus ineligible for SSI. Before the court is the Commissioner's Motion to Dismiss (Doc. 20) for lack of jurisdiction because Plaintiff did not exhaust his administrative remedies before he filed this suit. For the reasons that follow, it is recommended that the motion be granted.

**Relevant Facts**

Plaintiff filed an application for disability insurance benefits and SSI. An ALJ found that Plaintiff was disabled beginning January 18, 2019. Plaintiff was entitled to SSI payments effective March 2019.

A couple of years later, in October 2021, the agency wrote Plaintiff and informed him that it determined that he had been paid $4,144 too much in SSI between September 2019 and April 2020. The letter stated that Plaintiff was overpaid because he was living in

a public institution during that time.  The letter explained that Plaintiff could appeal within 60 days if he disagreed with the decision.  And it said in underlined text that if he appealed within 30 days, the agency "won't change your check until we decide your case."  The letter gave specific instructions that an appeal could be commenced by completing a form called Request for Reconsideration, and it advised that a Social Security office could help Plaintiff fill out the form.  The letter advised that, absent an appeal within 30 days, the agency would hold back money from Plaintiff's benefits check each month, starting in December 2021, until the overpayment was repaid.

There is no evidence that Plaintiff filed a Request for Reconsideration or otherwise commenced an appeal within 60 days of the October 2021 letter.  Long after the deadline, in June 2022, Plaintiff did send the agency a letter in reference to the overpayment.  He challenged the agency's conclusion that he was not eligible for SSI due to incarceration between September 2019 and April 2020.  Plaintiff asserted that the agency had the wrong information or wrong person because he was incarcerated from July 2019 to November 3, 2019, well before he began receiving SSI in early 2020.  Plaintiff attached a letter from the Louisiana Department of Public Safety and Corrections that confirmed his representations about his incarceration dates.  Plaintiff wrote that this was the third time he submitted this evidence, but neither the certified record of the administrative proceedings (Doc. 20-3) nor Plaintiff's filings in this court include evidence of any other submissions.

**Analysis**

The court's ability to review decisions of the Social Security Administration is limited by 42 U.S.C. § 405(g).  That statute permits an individual, "after any final decision

of the Commissioner made after a hearing to which he was a party," to commence a civil action within 60 days after the mailing of notice of such decision. Section 405(h) emphasizes that an action under Section 405(g) is the only way to challenge a decision by the Commissioner. It states that no decision of the Commissioner shall be reviewed by any person except as provided in the statute, and no action against the Commissioner can be brought under general federal question jurisdiction.

The statute's limitation of judicial review to the Commissioner's final decisions means that a claimant must complete the administrative process and obtain such a final decision before he files suit in court. "A claimant may only obtain judicial review of a case arising under the Social Security Act if he has first exhausted all available administrative remedies. This requires the plaintiff to follow a four-step process that includes an initial determination, reconsideration, a hearing before an Administrative Law Judge, and review by an Appeals Council." Celestine v. Social Security Admin., 486 Fed. Appx. 418 (5th Cir. 2012). Initial determinations regarding SSI include determinations about "[w]hether an overpayment of benefits must be repaid to us." 20 C.F.R. 416.1402(c).

Dana Marquez, a Social Insurance Expert with the agency's Dallas Regional Office, offered a declaration in support of the motion to dismiss. She explained the agency proceedings, which included the agency sending a Notice of Overpayment on October 1, 2021. She noted that the notice included information regarding the right to appeal the overpayment decision within 60 days of receipt of the notice. Ms. Marquez concluded by stating that Plaintiff "did not seek an appeal within 60 days of the Notice of Overpayment." Doc. 20-2.

Plaintiff wrote in his (untimely) letter submitted in June 2022, "This is the 3rd time I have submitted this proof … ." Plaintiff also represented in his memorandum in opposition to the motion that the defendant asking for dismissal due to the lack of a timely appeal "is incorrect" because "an appeal was filed at the Minden Louisiana office and Agent Bryant was my point of contact." Plaintiff offered no affidavit, declaration, or copies of documents to support his contention that a timely appeal was filed.

The Commissioner has demonstrated, based on the evidence of record, that Plaintiff did not file a timely appeal of the initial finding that an overpayment was due. Thus, Plaintiff did not exhaust his administrative remedies and obtain a "final decision" within the meaning of the Social Security Act that would allow him to seek review in court. For this reason, the court lacks jurisdiction over Plaintiff's civil action and is without authority to correct the overpayment issue even if Plaintiff is correct about his incarceration dates.

The Commissioner does allow in her memorandum (Doc. 20-1) that the agency is in receipt of documentation from the State of Louisiana and, "if necessary and permitted by applicable statutes and agency policy, the Commissioner will redetermine Plaintiff's benefit eligibility to accurately reflect the period during which Plaintiff was not incarcerated." The court lacks jurisdiction to order any action, but the Commissioner is encouraged to take any action permissible under law to review Plaintiff's submissions and determine whether the overpayment decision was correct.

Accordingly,

It is recommended that Defendant's Motion to Dismiss (Doc. 20) be granted and that this civil action be dismissed for lack of jurisdiction.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of November, 2022.

Mark L. Hornsby
U.S. Magistrate Judge